George POLK, d/b/a Palmetto Fence
Company, Plaintiff,

v.

BP AMOCO CHEMICAL COMPANY,
Defendant.

Civil Action No. 2:07–0889–PMD.

United States District Court,
D. South Carolina,
Charleston Division.

June 16, 2008.

George B. Bishop, Jr., Moncks Corner, SC, for Plaintiff.

Eleni Maria Roumel, Eli Alan Poliakoff, Richard Ashby Farrier, Jr., Nelson Mullins Riley and Scarborough, Charleston, SC, for Defendant.

## *ORDER*

PATRICK MICHAEL DUFFY, District Judge.

This matter is before the court on Defendant's Motion to Exclude Settlement Communications pursuant to Federal Rules of Evidence 408 and 403. Defendant seeks to exclude any communications made in furtherance of settlement negotiations, specifically a letter written by Defendant's Controller and sent to Plaintiff's counsel on October 14, 2005. Plaintiff has filed a Response in Opposition to Defendant's Motion, to which Defendant filed a Reply. For the reasons set forth herein, Defendant's Motion is granted.

## *BACKGROUND*

Plaintiff initiated this action on March 5, 2007, in the Berkeley County Court of Common Pleas, alleging breach of contract, fraud, unfair trade practices, and quantum meruit. Plaintiff's claims arise out of a dispute over whether Plaintiff and Defendant had an oral agreement under which Plaintiff was to be compensated for repairing and replacing fencing at Defendant's facility in addition to the fencing Plaintiff was explicitly authorized to repair and replace pursuant to an earlier written contract between the parties. This matter was removed to this court by Defendants on April 2, 2007.

On October 5, 2005, Plaintiff and his counsel met with officials from the Defendant to discuss the dispute between the parties. After this meeting, Defendant's Controller, Eric M. Johnson ("Johnson"), drafted a letter and mailed it to Plaintiff's counsel on October 14. The letter explicitly stated that it was pursuant to the October 5 meeting, and contained an itemized breakdown of the total invoices submitted by Plaintiff to Defendant, including the invoice submitted for the disputed additional fencing work. The letter also contained the total amount of time Plaintiff's employees spent at the Defendant's facilities performing the fencing work, according to Defendant's security gate's entry and exit logs, and a calculation of Defendant's total material costs, labor costs, and ultimate profit based upon these records. Finally, Johnson requested from Plaintiff's counsel a number of Plaintiff's records related to the work in question.

Plaintiff seeks to introduce this letter as evidence at trial, arguing that it shows that Defendant acknowledged that Plaintiff completed the additional fencing work, and that it shows that Plaintiff demanded to be compensated for performing this work. Defendant argues that this letter was prepared pursuant to settlement negotiations, and is therefore inadmissible under Federal Rule of Evidence 408. In the alternative, Defendant argues that the letter is more prejudicial to Defendant than proba-

tive, and should also be ruled to be inadmissible under Federal Rule of Evidence 403. Plaintiff argues that the letter in question was not prepared as part of settlement negotiations, and even if it was, it falls under an exception to Rule 408 as provided for in Rule 408(b).

### DISCUSSION

█ Federal Rule of Evidence 408 provides that:

(a) Prohibited uses.—Evidence of the following is not admissible on behalf of any party, when offered to prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount, or to impeach through a prior inconsistent statement or contradiction:

(1) furnishing or offering or promising to furnish—or accepting or offering or promising to accept—a valuable consideration in compromising or attempting to compromise the claim; and

(2) conduct or statements made in compromise negotiations regarding the claim, except when offered in a criminal case and the negotiations related to a claim by a public office or agency in the exercise of regulatory, investigative, or enforcement authority.

(b) Permitted uses.—This rule does not require exclusion if the evidence is offered for purposes not prohibited by subdivision (a). Examples of permissible purposes include proving a witness's bias or prejudice; negating a contention of undue delay; and proving an effort to obstruct a criminal investigation or prosecution.

Fed.R.Evid. 408.

█ "Federal Rule of Evidence 408 is broader than the common law exclusionary rule in many jurisdictions and excludes from evidence all statements made in the course of settlement negotiations." *Fiber-*

*glass Insulators, Inc. v. Dupuy,* 856 F.2d 652, 654 (4th Cir.1988). When facing an issue of whether to admit or exclude evidence under Rule 408, the court must decide whether the "statements or conduct were intended to be part of the negotiations for compromise." *Id.* (quoting *Ramada Dev. Co. v. Rauch,* 644 F.2d 1097, 1106 (5th Cir.1981)).

The two sides met to discuss Plaintiff's claim on October 5. The letter in question clearly states that it is being sent pursuant to the October 5 meeting. The content of the letter involves an itemized breakdown of all Plaintiff's invoices, and argues that these invoices, taken as a whole, represent a windfall for Plaintiff. The letter also specifically requests information regarding Plaintiff's invoices. Defendant claims that the purpose of the meeting and subsequent letter was to attempt to settle the dispute without resorting to litigation. While Plaintiff now claims that the meeting was not held for the purpose of settling the claim, in deposition testimony Polk explicitly stated that he believed the October 5 meeting was held for the purpose of settling the dispute, and that he believed that the two parties were in settlement negotiations at the time the letter was sent. (Polk. Depo. at 149, 155.)

The purpose of Rule 408 is to encourage parties to be able to meet and attempt to settle claims outside of court without fear of such efforts being brought before a jury by the other side as evidence of liability or lack thereof. It encourages frank and open discussion of the strengths and weaknesses of each side's case and helps lead to an efficient resolution of many cases without the unnecessary use of court and judicial resources.

Upon examining all of the evidence of this case, it is clear to the court that the meeting of October 5, 2005 was held, and the letter of October 14 was written, in an

attempt to try to settle the Plaintiff's claim before it went to trial. Defendant presented an argument in the letter as to why it viewed Plaintiff's claim as exorbitant, and was requesting further information from Plaintiff in order to formulate a more detailed assessment of Plaintiff's claim. The fact that no formal offer of settlement was made, and that Plaintiff made no offer himself and may never have indicated that he was willing to accept less than his claimed amount, does not change the fact that the meeting and letter fall under Rule 408's broad umbrella of "statements or conduct [which] were intended to be part of the negotiations for compromise." This letter is precisely the type of communication which Rule 408 seeks to encourage parties to engage in with the knowledge that the other side cannot use it against them in court. Accordingly, Rule 408 applies to the letter Plaintiff seeks to introduce into evidence.

■ The court now turns to Plaintiff's contention that even if Rule 408 does apply, the letter is an exception under Rule 408(b) because it is being introduced as evidence that Defendant acknowledged that the disputed work was performed, and that Plaintiff demanded to be paid for such work.

As an initial matter, Plaintiff's claim that the letter could be introduced to show that Defendant acknowledged that the additional fencing work which is the central matter in dispute in this litigation was, in fact, performed, is without merit. At no point in the letter does Johnson state that Plaintiff repaired or replaced fencing in addition to the fencing he was specifically authorized to repair or replace by the written contract. In the letter, Johnson merely states the number of hours Plaintiff's employees were on-site at Defendant's facilities, and separately notes that Plaintiff

filed an invoice for the additional work of 8,620 square feet of fencing. Therefore, Plaintiff's claim that the letter could be introduced as evidence that Defendant has acknowledged that the disputed work was in fact performed is without merit, and the court will not rule the letter to be admissible for that purpose.

■ Plaintiff's assertion that the letter should be admissible for the purpose of proving that Plaintiff demanded payment for the additional work is similarly without merit. While the letter undoubtedly acknowledges such a demand, Defendant explicitly states in its Reply that it is not disputing the fact that Plaintiff filed an invoice for the work, it is simply claiming that Defendant never authorized Plaintiff to perform the work. (Def.'s Reply at 6.) Since the matter is not being disputed, Plaintiff has no need to introduce the letter into evidence to prove the point. Furthermore, there are several other communications, including invoices which directly state that Plaintiff is seeking payment for the work in question, which offer superior and more direct proof that Plaintiff sought payment for these services rendered, so Plaintiff would not be prejudiced in the least by the exclusion of this letter.

Accordingly, the letter in question does not fall under any exception to Rule 408, and the court therefore holds that the letter is inadmissible at trial.[1]

One final matter the for the court to resolve is Defendant's more generalized request that the court "exclude any evidence of, or references to, communications, including letters, correspondence and discussions, between BP Amoco and plaintiff George Polk d/b/a Palmetto Fence Company relating to settlement discussions or

---

1. Since the court rules that the letter is inadmissible under Rule 408, the court does not address Defendant's claim that the letter is also inadmissible under Rule 403.

negotiations." (Def.'s Mot. at 1.) Defendant apparently seeks a broad, blanket order forbidding Plaintiff from introducing any evidence which resulted from settlement negotiations between the two parties. However, taking such an action would be inappropriate and unnecessary without any sort of context regarding what sorts of evidence Plaintiff may be seeking to introduce. Rule 408 explicitly provides for certain exceptions under which evidence from settlement negotiations may be introduced, and if Plaintiff is in possession of evidence that would qualify as an exception under Rule 408(b), he is entitled by law to present it before a jury. The plain language of Rule 408 and the relevant caselaw interpreting the Rule, along with the present Order, should be sufficient to make it amply clear to both sides that in the absence of a clear exception, Rule 408 applies quite broadly to exclude any evidence produced as a result of settlement discussions between the parties.

### CONCLUSION

Accordingly, it is hereby **ORDERED** that Defendant's Motion in Limine to Exclude the letter of October 14, 2005, is **GRANTED**, and said letter may not be introduced by Plaintiff at trial.

**AND IT IS SO ORDERED.**